THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
CHARLES FEATHERLY, Respondent.

*Court of Appeals, February* 12, 1892.

1. *Appeal. Verdict directed by court.*—To enable a party to review in the
court of appeals a judgment upon a verdict directed by the court, sub-
ject to the opinion of the general term, a special case for the former
court must be made and settled under the direction of the general term,
which shall contain a concise statement of the facts and questions of
law arising thereon.
2. *Same. What reviewed.*—On appeal to the court of appeals from a judg-
ment alone, only errors of law which have been raised by some excep-
tion can be reviewed.

Appeal from order of the supreme court, general term,
fifth department, directing judgment in favor of defendant.

*Howard H. Widener* and *Geo. A. Benton,* for appellants.

*John Gillette,* for respondent.

O'BRIEN, J.—This action was brought to recover penal-
ties for violating § 6 of the game laws, chap. 534 of the Laws
of 1879, in using a floating battery or other prohibited
device in shooting wild fowl in Great Sodus bay. On a
trial at circuit before a jury the court directed a verdict
for the plaintiff subject to the opinion of the court at gen-
eral term. A case was made, upon which the motion was
heard, and the general term set aside the verdict for plain-
tiff and directed judgment for the defendant. From this
judgment the plaintiff has appealed upon a certificate of
that court that the record contains questions of law that
should be reviewed by this court. The question that was
involved in the case, as appears from the opinion of the

3

court below, was whether Great Sodus bay was a part of Lake Ontario, and, therefore, expressly excepted from the prohibitions of the statute. The record is not in a condition to enable us to review this or any other question. It is provided by § 1339 of the Code that in order to enable a party to review in this court a judgment upon a verdict directed by the court subject to the opinion of the general term, a special case for this court must be made and settled under the direction of the general term, which shall contain a concise statement of the facts and the questions of law arising thereon. The plaintiff has failed to comply with this provision of the Code, and there is no way in which we can ascertain what the facts are, or what questions of law arise thereon. The only papers before us are the record upon which the general term heard the motion and directed judgment for the defendant and the opinion of the court below. This court cannot review the action of the court below on such a record, and even if we could, by consent of parties or otherwise, we are precluded from doing so in this case because the record does not contain a single exception. On appeal to this court from a judgment alone, only errors of law which have been raised by some exception can be reviewed.

The appeal should, therefore, be dismissed, with costs.

All concur.

---

NOTE.

As to verdict subject to the opinion of the general term, see Cowenhoven *v.* Ball, 118 N. Y. 231; Howell *v.* Adams, 68 Id. 314; Reinmiller *v.* Skidmore, 59 Id. 661; Essex Bank *v.* Russell, 29 Id. 673.